1   DYLAN M. CARSON (SBN 237721)
    Email: dylan.carson@tuckerellis.com
2   ANNE S. CRUZ (SBN 229819)
    Email: anne.cruz@tuckerellis.com
3   TUCKER ELLIS LLP
    515 South Flower Street, Forty-Second Floor
4   Los Angeles, CA 90071-2223
    Telephone:  213.430.3400
5   Facsimile:  213.430.3409

6   Attorneys for Plaintiff

7

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Directi Internet Solutions Pvt. Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Harry Dhillon and <br><br> Creative Aviation, Inc., <br><br> Defendants. | Case No. 2:12cz1045 <br><br> **COMPLAINT FOR BREACH OF CONTRACT, FRAUD, CIVIL THEFT, AND VIOLATIONS OF BUS. & PROF. CODE § 17200** |

Now comes Plaintiff, Directi Internet Solutions Pvt. Ltd., by and through undersigned counsel, and for its Complaint against Defendants Harry Dhillon and Creative Aviation, Inc., states as follows:

      1.      This is a civil action for breach of contract, fraud, negligent misrepresentation, civil theft, and violations of California Business and Professions Code Section 17200. Defendants have fraudulently stolen $100,000 from Plaintiff and, despite acknowledging the fact that the sum of $100,000 was erroneously transferred to them and is not rightfully theirs, will not return the funds to Plaintiff.

// 

//

COMPLAINT FOR BREACH OF CONTRACT, FRAUD, CIVIL THEFT, AND VIOLATIONS OF BUS. & PROF. CODE § 17200

Lalmanage/783941

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

## PARTIES, JURISDICTION AND VENUE

2.      Directi Internet Solutions Pvt. Ltd. ("Plaintiff" or "Directi") is an Indian company headquartered in Mumbai, India.

3.      Defendant Creative Aviation, Inc. ("CAI") is a California Corporation with its principal place of business at 6364 South Lindbergh Street, Stockton, California, located in San Joaquin County, California.

4.      Defendant Harry Dhillon ("Dhillon") is a resident of the State of California.

5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (Diversity) in that the state of citizenship of the Plaintiff is different from the state of citizenship of the Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.      Venue is proper because the Defendants reside and do business in the Eastern District of California, and a substantial part of the events giving rise to the claims occurred here.  28 U.S.C. § 84(b).  Venue is therefore proper in this Court under 28 U.S.C. § 1391(a).

## FACTS COMMON TO ALL CAUSES OF ACTION

7.      On information and belief, during the time relevant to this Complaint, CAI was, and is currently, the controller and beneficiary of a bank account (Account No. xxxx-xxx894) originating from the Wells Fargo Bank, located at 950 Southland Drive, Hayward, CA  94545 (the "Account").

8.      On information and belief, during the time relevant to this Complaint, Dhillon is was, and is currently, the principal officer of CAI with access and control of the Account.

9.      On or about November 16, 2011, the Plaintiff mistakenly and erroneously wired to the Account, the sum of One Hundred Fifty Thousand Dollars ($150,000.00).

TUCKER ELLIS LLP
Cleveland • Columbus • Los Angeles • San Francisco

10. On or about November 23, 2011, Dhillon e-mailed the Plaintiff's representative, Divyank Turakhia ("Turakhia"), reporting that the funds had "shown up" in his account and requested that Plaintiff provide the originating bank's wiring instructions so that the funds, equaling $150,000.00, could be "reversed."

11. On or about November 28, 2011, Plaintiff responded to Dhillon's message and provided the wire instructions to the bank from where the funds originally were sent.

12. On or about December 3, 2011, Dhillon sent Plaintiff an e-mail message confirming that he had wired $50,000 of the $150,000 back to Plaintiff promising to "send 3 more entries."

13. Neither CAI nor Dhillon wired back to the Plaintiff's bank the remaining $100,000.

14. Subsequently at various times and on various dates including but not limited to December 20, 2011 through January 02, 2012, Plaintiff sent Dhillon repeated messages requesting the return of the $100,000 which were ignored except for one message received from Dhillon promising that "I will make couple deposits to your BOA." No such deposits were ever received.

15. Subsequently at various times and on various dates, Plaintiff's representatives made calls to Dhillon's cell phone and offices at CAI and left messages requesting the return of the $100,000. Such calls from the Plaintiff's representatives were repeatedly ignored by CAI and Dhillon.

16. On or about March 7, 2012, the Plaintiff filed a police report with the Hayward County Police Department (Case Report #2012-00014700), reporting that that the Defendants had misappropriated funds and had committed theft of $100,000. Officer Jay Cooper contacted Dhillon who reported to Officer Cooper that he has not returned the funds because, the money needed to be wired to the

TUCKER ELLIS LLP
Cleveland • Columbus • Los Angeles • San Francisco

COMPLAINT FOR BREACH OF CONTRACT, FRAUD, CIVIL THEFT, AND VIOLATIONS OF BUS. & PROF. CODE § 17200

LaImanage/783941

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

1 | original account from which it came.  See copy of Police Report attached as

2 | Exhibit A.

3 |      17.    Despite knowing the account number of the bank from which the

4 | funds came, neither Dhillon nor CAI has returned the $100,000 to the Plaintiff.

5 | **COUNT I (BREACH OF CONTRACT — ALL DEFENDANTS)**

6 |      18.    Directi incorporates paragraphs 1 through 17 of the Complaint by

7 | reference, including all allegations contained therein, as though fully set forth

8 | herein.

9 |      19.    The statement by Dhillon that he would "reverse" the wire and send

10 | back the funds is a valid and enforceable contract between Directi and Defendants.

11 |      20.    Plaintiff has performed its obligations under the agreement by

12 | providing the wire instructions for the bank account that initiated the original

13 | transfer of funds and other information specific to the proper account.

14 |      21.    As a direct and proximate result of Defendants breach of contract,

15 | Directi has been damaged in an amount to be proven at trial, far in excess of

16 | $75,000.

17 |      22.    On information and belief, Dhillon was the alter ego of CAI, the

18 | corporate form should be disregarded, and Dhillon should be held individually

19 | liable for CAI's breach of contract.

20 |      23.    CAI and Dhillon intentionally breached the contract and therefore

21 | Plaintiff is entitled to damages against CAI and Dhillon.

22 | **COUNT II (FRAUD — CAI)**

23 |      24.    Directi incorporates paragraphs 1 through 23 of the Complaint,

24 | including all allegations therein, by reference as though fully set forth herein.

25 |      25.    CAI was provided with, and knew, the bank account number from

26 | which the funds were sent and yet claims to Plaintiff and to Hayward County

27 | Police that it cannot send the funds back because it does not have that information.

28 |

COMPLAINT FOR BREACH OF CONTRACT, FRAUD, CIVIL THEFT, AND VIOLATIONS OF BUS. &
PROF. CODE § 17200

LaImanage/783941

1  Moreover, CAI's officers and/or representatives have admitted to receipt and
2  possession of these funds, which do not belong to CAI.

3       26.    As a direct and proximate cause of CAI's fraudulent and unlawful
4  conduct, Directi has been harmed.  CAI acted with fraud in committing the acts
5  alleged herein, and therefore Plaintiff is entitled to punitive and exemplary
6  damages against CAI.

7                    **COUNT III (FRAUD — HARRY DHILLON)**

8       27.    Directi incorporates paragraphs 1 through 26 of the Complaint,
9  including all allegations therein, by reference as though fully set forth herein.

10       28.    On information and belief, Dhillon was at all relevant times an owner
11  and officer of CAI.

12       29.    Dhillon was provided with, and knew, the bank account number from
13  which the erroneous funds were obtained and yet claims to Plaintiff and to Police
14  that it cannot send the funds back because it does not have that information.
15  Moreover, Dhillon has admitted to receipt and possession of these funds, which do
16  not belong to CAI and/or Dhillon.

17       30.    As a direct and proximate cause of Dhillon's fraudulent and unlawful
18  conduct, Directi has been harmed.  Dhillon acted with malice, fraud in committing
19  the acts alleged herein, and therefore Plaintiff is entitled to punitive and exemplary
20  damages against Dhillon.

21                  **COUNT IV (CIVIL THEFT– ALL DEFENDANTS)**

22       31.    Plaintiff incorporates paragraph 1 through 30 of the Complaint,
23  including all allegations contained therein, as though fully set forth herein.

24       32.    Dhillon has acknowledged that the $100,000 that was received in the
25  CAI Account does not belong to him or CAI and therefore must be returned,
26  however, Dhillon and CAI have refused to return the funds despite repeated
27  requests to do so and despite being provided with all necessary information to

28

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

LaImanage/783941

1  return the funds.

2      33.    As a direct and proximate cause of defendants' unlawful and improper

3  conduct, Directi has been harmed.  Dhillon and CAI's unlawful possession of the

4  $100,000 amounts to theft and therefore Plaintiff is entitled to punitive and

5  exemplary damages against Dhillon.

## COUNT V (VIOLATION OF BUS. & PROF. CODE § 17200 — ALL DEFENDANTS)

8      34.    Plaintiff incorporates paragraphs 1 through 33 of the Complaint,

9  including all allegations contained therein, as though fully set forth herein.

10     35.    Based on the facts alleged herein, and on information and belief,

11 Defendants violated several provisions of California law governing business and

12 professional conduct.

13     36.    The violations alleged in the preceding paragraph constitute unlawful,

14 unfair, or fraudulent business practices as prohibited by California Business &

15 Professions Code § 17200, et seq., and Defendants should be enjoined from

16 committing further violations.

17     37.    The fraudulent scheme alleged herein constitutes an unlawful, unfair

18 and fraudulent business practice as prohibited by California Business &

19 Professions Code § 17200, et seq., and Defendants should be enjoined from

20 committing further violations.  As a direct and proximate cause of defendants'

21 conduct, Directi has been harmed including but not limited to suffering the loss of

22 money alleged herein.

23     38.    Pursuant to § 17200, Plaintiff is entitled to restitution from

24 Defendants for all moneys that it disgorgement of any profits reaped by

25 Defendants its officers or employees as a result of their unlawful and fraudulent

26 business practices.

27

28

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

COMPLAINT FOR BREACH OF CONTRACT, FRAUD, CIVIL THEFT, AND VIOLATIONS OF BUS. &
PROF. CODE § 17200

Lalmanage/783941

# **PRAYER FOR RELIEF**

39.     WHEREFORE, Directi prays for judgment against Defendants, and each of them, as follows:

40.     For actual damages according to proof;

41.     For punitive and exemplary damages against CAI and Dhillon in a sum to be proven at trial;

42.     For restitution and disgorgement of profits according to proof;

43.     For its attorneys' fees and costs;

44.     For prejudgment interest on the foregoing amounts at the maximum rate permitted by law;

45.     For an order enjoining defendants' conduct and requiring the return of funds; and

46.     For such other and further relief which the Court may deem just and proper.

DATED:  April 19, 2012                         TUCKER ELLIS & WEST LLP


By: */s/ Dylan M. Carson*
       Dylan M. Carson (SBN 237721)
       Attorneys for Plaintiff

TUCKER ELLIS LLP
Cleveland ♦ Columbus ♦ Los Angeles ♦ San Francisco

COMPLAINT FOR BREACH OF CONTRACT, FRAUD, CIVIL THEFT, AND VIOLATIONS OF BUS. & PROF. CODE § 17200

Lalmanage/783941

# EXHIBIT A

# HAYWARD POLICE DEPARTMENT
## CASE REPORT
300 West Winton Avenue
Hayward, CA 94544

CASE# **2012-00014700**

| | REPORTED DATE/TIME | OCCURRED INCIDENT TYPE | | CASE DISPOSITION |
|---|---|---|---|---|
| **EVENT** | 11/23/2011  12:21 | Larceny | | |
| | OCCURRED FROM DATE/TIME | OCCURRED THRU DATE/TIME | LOCATION OF OCCURRENCE | |
| | 11/16/2011  12:00 | 3/7/2012  12:00 | 950 SOUTHLAND DR<br>Hayward, CA 94545 | |

| | STATUTE/DESCRIPTION | | COUNTS | ATTEMPT/COMMIT |
|---|---|---|---|---|
| **OFFENSES** | Misc Public Service | Other | 1 | Commit |
| | | | | |
| | | | | |
| | | | | |
| | | | | |

| | SUBJECT TYPE | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | | NON-DISCLOSURE | |
|---|---|---|---|---|---|---|---|
| **SUBJECT** | Suspect | Creative Aviation, | | | | | |
| | DOB    AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | | | |
| | | 6364 S Lindbergh St | | | Stockton, CA | | |
| | SEX | RACE | | EYE | HAIR | HEIGHT or RANGE | WEIGHT or RANGE |
| | DL NUMBER/STATE | VIN | | PRIMARY PHONE | | PHONE #2 | |

| | SUBJECT TYPE | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | | NON-DISCLOSURE | |
|---|---|---|---|---|---|---|---|
| **SUBJECT** | Informant | Hammock, Station, | | | | | |
| | DOB    AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | | | |
| | | 8200 Greensboro Dr 900 | | | McLean, VA 22102 | | |
| | SEX | RACE | | EYE | HAIR | HEIGHT or RANGE | WEIGHT or RANGE |
| | Male | Other-Unknown | | | | | |
| | DL NUMBER/STATE | VIN | | PRIMARY PHONE | | PHONE #2 | |

| | SUBJECT TYPE | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | | NON-DISCLOSURE | |
|---|---|---|---|---|---|---|---|
| **SUBJECT** | Suspect | Dhillon, Harry, | | | | | |
| | DOB    AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | | | |
| | | 6364 S Lindbergh St | | | Stockton, CA 95206 | | |
| | SEX | RACE | | EYE | HAIR | HEIGHT or RANGE | WEIGHT or RANGE |
| | | Asian Indian | | | | | |
| | DL NUMBER/STATE | VIN | | PRIMARY PHONE | | PHONE #2 | |

| | SUBJECT TYPE | NAME (LAST, FIRST, MIDDLE SUFFIX) | | | | NON-DISCLOSURE | |
|---|---|---|---|---|---|---|---|
| **SUBJECT** | | | | | | | |
| | DOB    AGE or AGE RANGE | ADDRESS (STREET, CITY, STATE, ZIP) | | | | | |
| | SEX | RACE | | EYE | HAIR | HEIGHT or RANGE | WEIGHT or RANGE |
| | DL NUMBER/STATE | VIN | | PRIMARY PHONE | | PHONE #2 | |

| REPORTING OFFICER | | DATE | REVIEWED BY |
|---|---|---|---|
| Cooper | 419 | 11/23/2011 | |

Case Report 2012-00014700 Page 1 OF 2

## HAYWARD POLICE DEPARTMENT
**CASE REPORT**     CASE#   **2012-00014700**
300 West Winton Avenue
Hayward, CA 94544

---

### NARRATIVE

On 2/23/12 I spoke with Statton Hammock by telephone concerning possible theft via misappropriation of funds.

Hammock told me that he is an attorney who represents Dirtectl Group in the U.S. Directl is based out of Dubai. Hammock said on 11/16/2011 Directl inadvertently wired $150,000 to Wells Fargo bank account:            '894, which belongs to Creative Aviation whose owner is Harry Dhillon.

Hammock said that Creative Aviation and Directl Group had prior business together but at this time they are not engaged in any business dealings. The wired money to the Creative Aviation account was a clerical error only and was not for any prior, current, or past business dealings. A representative of Directl Group, Divyank Turakhia (Div) has been in contact via e-mail with Dhillon concerning the funds. Hammock sent to me via facsimile transmission a copy of e-mails from Turakhia to Dhillon requesting the funds be returned. The e-mails and a letter sent to Dhillon date from 11/16/11 through 1/2/12

Dhillon on 12/3/11 sent an e-mail to Turakhia telling him that he had deposited $50,000 into BOA account and will send three more entries within a week. No further funds have been returned to Directl Group.

I called Hammock on 3/5/12 and asked him if any funds or further conversations have occurred between his client and Dhillon. Hammock told me that there has not been any further communication between his client and Dhillon.

On 3/7/12 I spoke with Dhillon by telephone. Dhillon told me that the money that was wired to his account was from an account in India. The $50,000 that he returned was sent to an account other than the originating account. He was told by his accountant that the $50,000 returned should have not been returned to another account but to the original account from where it came. He has advised Directl Group by telephone what he needs done so that he can rectify the problem however Directl Group is not cooperating with him.

At this time it appears that Dhillon (Creative Aviation) is not trying to keep funds from Directl Group however there is an issue on how the funds should be returned.

End of narrative- JCooper

| REPORTING OFFICER | | DATE | REVIEWED BY |
|---|---|---|---|
| Cooper | 419 | 11/23/2011 | |