1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DIRECTI INTERNET SOLUTIONS
     PVT. LTD.,

11

12            Plaintiff,              No. 2:12-cv-1045 WBS DAD

13       v.

14   HARRY DHILLON, et al.,           FINDINGS AND RECOMMENDATIONS

15            Defendants.

16   _____/

17            This matter came before the court on August 24, 2012, for hearing on plaintiff's

18   amended motion for default judgment.  (Doc. No. 19.)  Dylan Carson, Esq. appeared telephonically on

19   behalf of the plaintiff.  No appearance was made by or on behalf of either defendant.  Having

20   considered all written materials submitted with respect to the motion, and after hearing oral argument,

21   the undersigned recommends that the motion for default judgment be granted in part and denied in part.

22                          **PROCEDURAL BACKGROUND**

23            Plaintiff commenced this action on April 20, 2012, by filing a complaint and paying the

24   required filing fee.  Therein, plaintiff alleges causes of action for breach of contract, fraud, civil theft

25   and violation of California Business and Professions Code § 17200.

26   /////

1

(Compl. (Doc. No. 5) at 4-6.[1])  Plaintiff's complaint seeks, in part, actual, punitive and exemplary damages, as well as restitution and disgorgement of profits, and attorneys' fees and costs.  (Id. at 7.)

Despite being served with process, defendants have failed to appear in this action, (Doc. Nos. 8 & 9), and pursuant to plaintiff's request the Clerk of the Court entered defendants' default. (Doc. Nos. 11 & 13.)  On July 17, 2012, plaintiff filed the amended motion for default judgment now pending before the court, noticing it to be heard before the undersigned pursuant to Local Rule 302(c)(19).  (Doc. No. 19.)  The matter came before the court for hearing on August 24, 2012.  (Doc. No. 22.)  Despite being served with all papers filed in connection with the motion, there was no opposition filed nor appearance made by or on behalf of either defendant at the August 24, 2012 hearing.[2]  (MDJ (Doc. No. 19) at 32.)

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 55(b)(2) governs applications to the court for default judgment.  Upon entry of default, the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven.  Dundee Cement Co. v. Howard Pipe & Concrete Products, 722 F.2d 1319, 1323 (7th Cir. 1983) (citing Geddes v. United Fin. Group, 559 F.2d 557 (9th Cir. 1977)); see also TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917 (9th Cir. 1987).

---

[1]  Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2]  While the defendants in this case were served by plaintiff with the motion for entry of default judgment, such service generally is not required.  See Fed. R. Civ. P. 55(b)(2) (requiring that written notice of an application for default judgment be served upon the party against whom judgment is sought only if that party "has appeared in the action"); Local Rule 135(d) (excusing parties from serving documents submitted to the court upon "parties held in default for failure to appear"); see also Wilson v. Moore & Associates, Inc., 564 F.2d 366, 368-69 (9th Cir. 1977) ("No party in default is entitled to 55(b)(2) notice unless he has 'appeared' in the action.  The appearance need not necessarily be a formal one, i.e., one involving a submission or presentation to the court.  In limited situations, informal contacts between the parties have sufficed when the party in default has thereby demonstrated a clear purpose to defend the suit.").  Out of an abundance of caution, however, the court directed plaintiff to serve the pending motion on the defendants.

1    However, while the complaint's factual allegations regarding liability are taken as true,

2 the "'defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'"

3 DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007) (quoting Nishimatsu Constr. Co. v.

4 Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)).  Morever, where damages are liquidated

5 (i.e., capable of ascertainment from definite figures contained in the documentary evidence or in

6 detailed affidavits), judgment by default may be entered without a damages hearing.  See Dundee, 722

7 F.2d at 1323.  Unliquidated and punitive damages, however, require "proving up" at an evidentiary

8 hearing or through other means.  Dundee, 722 F.2d at 1323-24; see also James v. Frame, 6 F.3d 307,

9 310 (5th Cir. 1993).

10    Granting or denying default judgment is within the court's sound discretion, see Draper

11 v. Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986) (citations omitted), and the court is free to consider a

12 variety of factors in exercising that discretion, see Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.

13 1986).  The court may consider such factors as:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

18 Eitel, 782 F.2d at 1471-72 (citing 6 Moore's Federal Practice, ¶ 55-05[2], at 55-24 to 55-26).

19                                        **ANALYSIS**

20    Here, according to the allegations found in the complaint, plaintiff Directi Internet

21 Solutions Pvt. Ltd. is an Indian company headquartered in Mumbai, India.  Defendant Creative

22 Aviation, Inc., ("CAI"), is a California Corporation with its principal place of business in Stockton,

23 California.  Defendant Harry Dhillon is the principal officer of CAI and a resident of California.[3]

24 (Compl. (Doc. No. 5) at 2.)

[3] Plaintiff's complaint alleges that the court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 due to diversity of citizenship.  (Compl. (Doc. No. 5) at 2.)

1    On or about November 16, 2011, plaintiff mistakenly wired $150,000 into a Wells

2  Fargo Bank account located in Hayward, California and controlled by CAI.[4]  On November 23, 2011,

3  defendant Dhillon emailed plaintiff's representative, Divyank Turakhia, reporting that the $150,000

4  had "shown up" in his account and requested the originating bank's wiring instructions so that he could

5  have the money "reversed."  (Id. at 3.)

6    On November 28, 2011, plaintiff responded to defendant Dhillon's email and provided

7  the wiring instructions.  On December 3, 2011, defendant Dhillon sent plaintiff an email confirming

8  that he had wired $50,000 to plaintiff and promising to "send 3 more entries."  (Id.)

9    From December 20, 2011 through January 2, 2012, plaintiff sent defendant Dhillon

10  repeated messages, and made repeated calls to Dhillon and CAI, requesting the return of the remaining

11  $100,000.  Defendant Dhillon responded to only one of those messages, stating "I will make couple

12  deposits to your BOA."  (Id.)

13    On March 7, 2012, plaintiff filed a police report with the Hayward County Police

14  Department, reporting that the defendants had misappropriated funds and committed theft of the

15  $100,000.  Officer Jay Cooper contacted defendant Dhillon who told Officer Cooper that he had not

16  returned the additional $100,000 because the money needed to be wired to the original account from

17  which it came.[5]  (Id.)  Despite knowing the account number of the bank from which the funds came,

18  neither defendant Dhillon nor CAI returned the remaining $100,000 to plaintiff.  (Id. at 4.)

19  /////

20

21    [4]  For every date identified therein plaintiff's complaint states that the events alleged occurred

22  "on or about" the given date.  The court will omit that qualifying phrase from the summary of the
complaint's factual allegations.

23    [5]  According to the police report attached to plaintiff's complaint, defendant Dhillon told
Officer Cooper that the $150,000 was wired to his bank account from an account in India, that the

24  $50,000 was returned to a different bank account, that Dhillon's accountant told him the money should
only be returned to the original account and that plaintiff was not cooperating with Dhillon to "rectify

25  the problem."  (Compl. (Doc. No. 5) at 10.)  Officer Cooper concluded in his report that "Dhillon
(Creative Aviation) is not trying to keep funds from Directi Group however there is an issue on how

26  the funds should be returned."  (Id.)

1    Weighing the factors outlined in Eitel v. McCool, 782 F.2d at 1471-72, the undersigned

2    finds that plaintiff will be prejudiced if default judgment is denied because plaintiff has no other

3    recourse for recovery.  See PepsiCo, Inc. v. California Security Cans, 238 F. Supp.2d 1172, 1177 (C.D.

4    Cal. 2002).  In light of the entry of default against defendants, there is no apparent possibility of a

5    dispute concerning the material facts underlying the action.  Moreover, there is nothing to suggest that

6    defendants' default is a result of excusable neglect.  Defendants had ample notice of plaintiff's intent to

7    pursue entry of judgment against defendants, and have had numerous opportunities to oppose default

8    judgment.  Although the amount at stake in this action is not insubstantial and public policy generally

9    favors the resolution of a case on its merits, defendants' failure to appear and defend against plaintiff's

10   claims has made a decision on the merits impossible in this case.

11   With respect to the merits of plaintiff's claims and the sufficiency of plaintiff's

12   complaint, however, the undersigned finds that some of plaintiff's claims fail to state a claim on which

13   plaintiff may recover.  See PepsiCo, Inc., 238 F. Supp.2d at 1175.  In this regard, plaintiff's complaint

14   alleges a cause of action against the defendants for breach of contract.  (Compl. (Doc. No. 5) at 4.)

15   However, under California law, the elements of a cause of action for breach of contract are:  (1)

16   existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's

17   breach; and (4) damages to plaintiff as a result of the breach.[6]  See CDF Firefighters v. Maldonado, 158

18   Cal. App.4th 1226, 1239 (2008).  Moreover, "a contract requires parties capable of consent, the consent

19   of those parties, a lawful object, and sufficient consideration."  ASP Props. Grp. v. Fard, Inc., 133 Cal.

20   App.4th 1257, 1268-69 (2005) (citing CAL. CIV. CODE § 1550).

21   Here, it does not appear from the factual allegations found in plaintiff's complaint that

22   there was a contract between plaintiff and the defendants.  In this regard, plaintiff's complaint merely

23   alleges in a conclusory manner, without any reference to factual allegations or supporting authority,

24   _____

25   [6] Because this is a diversity action California substantive law applies.  See Intri-Plex Technol.,

26   Inc. v. Crest Group, Inc., 499 F.3d 1048, 1052 (9th Cir. 2007) (citing Homedics, Inc. v. Valley Forge
     Ins. Co., 315 F.3d 1135, 1138 (9th Cir. 2003)).

1  that defendant Dhillon's statement that he would "reverse" the funds created a valid and enforceable

2  contract between plaintiff and the defendants.  (Compl. (Doc. No. 5) at 4.)  Moreover, the complaint

3  fails to identify the consideration supporting the parties' alleged contract.  Accordingly, the

4  undersigned finds that plaintiff's motion for default judgment should be denied as to plaintiff's breach

5  of contract claim.

6        Plaintiff's complaint also alleges claims of fraud against defendants CAI and Dhillon.

7  The elements of a claim of fraud under California law are:  (1) a misrepresentation; (2) with knowledge

8  of its falsity; (3) with the intent to induce another's reliance on the misrepresentation; (4) justifiable

9  reliance; and (5) resulting damage.  Kearns v. Ford Motor Co., 567 F.3d 1120, 1126 (9th Cir. 2009).

10  Under Federal Rule of Civil Procedure 9(b), fraud-based claims must be pled with "particularity."

11  Thus, "[a]verments of fraud must be accompanied by the who, what, when, where and how of

12  misconduct charged" to give defendants notice of the particular conduct they must defend.  Vess v.

13  Ciba-Geigy Corp.USA, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotations omitted).  Here, the

14  factual allegations found in plaintiff's complaint do not state a claim of fraud against either defendant.

15  In this regard, the complaint merely alleges that defendants CAI and Dhillon committed fraud because

16  they knew the bank account number to return the $100,000 but claimed to plaintiff and Hayward Police

17  that they could not send the funds back because they did not have that information.  (Compl. (Doc. No.

18  5) at 4-5.)

19        The complaint's factual allegations do, however, establish that plaintiff voluntarily and

20  without defendants' knowledge, transferred the $150,000 to defendants' bank account.  That transfer

21  was not the result of a misrepresentation intended to induce plaintiff's reliance, but was instead the

22  result of a simple mistake or error.  Moreover, according to the allegations of the complaint it was

23  defendant Dhillon who notified plaintiff of the mistaken transfer and voluntarily returned $50,000 of

24  the $150,000 that was mistakenly sent by plaintiff.

25        While it may be true that defendant Dhillon's claim to Officer Cooper that he did not

26  have the original bank account number and therefore could not return the $100,000 was a

1   misrepresentation, at the time Dhillon made that statement he already possessed the $100,000.  Thus,

2   the alleged misrepresentation concerning the bank account number could not have been made with the

3   intent to induce plaintiff's reliance on that misrepresentation.  Moreover, there are no factual

4   allegations in the complaint establishing that plaintiff justifiably relied on any statement made by

5   defendants Dhillon or CAI.  Accordingly, the undersigned finds that plaintiff's motion for default

6   judgment should also be denied with respect to plaintiff's fraud claims.

7           With respect to the complaint's civil theft claim, however, the undersigned finds that

8   plaintiff's motion for default judgment should be granted.  In this regard, "[u]nder California law,

9   'Conversion [or civil theft] is any act of dominion wrongfully exerted over another's personal property

10   in denial of or inconsistent with his rights therein.'"  Stan Lee Trading, Inc. v. Holtz, 649 F. Supp. 577,

11   580 (C.D. Cal. 1986) (quoting Hartford Financial Corp. v. Burns, 96 Cal. App.3d 591, 598 (1979)).

12   "The elements of a conversion are (1) the plaintiff's ownership or right to possession of the property at

13   the time of the conversion; (2) the defendant's conversion by a wrongful act or disposition of property

14   rights; and (3) damages."  Greka Integrated, Inc. v. Lowrey, 133 Cal. App.4th 1572, 1581 (2005)

15   (internal quotation marks omitted).  "Money can be the subject of an action for conversion if a specific

16   sum capable of identification is involved."  Farmers Ins. Exchange v. Zerin, 53 Cal. App.4th 445, 452

17   (1997).  Here, the complaint alleges that the defendants wrongfully retained plaintiff's $100,000

18   causing plaintiff damages.

19           Finally, the court also finds that plaintiff's motion for default judgment should be

20   granted as to the claim brought in the complaint pursuant to California's Unfair Competition Law.

21   (Compl. (Doc. No. 5) at 6.)  In this regard, California's Unfair Competition Law prohibits any

22   "unlawful, unfair or fraudulent business act or practice."  CAL. BUS. & PROF. CODE § 17200.  Section

23   17200 incorporates other laws and treats a violation of those laws as an unlawful business practice

24   independently actionable under California state law.  Chabner v. United Omaha Life Ins. Co., 225 F.3d

25   1042, 1048 (9th Cir. 2000).  "In order to state a claim for a violation of the [UCL], a plaintiff must

26   allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair."

1  Levine v. Blue Shield of California, 189 Cal. App.4th 1117, 1136 (2010).  Here, as discussed above,

2  plaintiff's complaint states a claim based on defendants' unlawful act of conversion.  Violation of

3  almost any federal, state or local law may serve as the basis for a Section 17200 claim.  Saunders v.

4  Super. Ct., 27 Cal. App.4th 832, 838-39 (1994).

5          After determining that entry of default judgment is warranted, this court must next

6  determine the terms of the judgment.  Plaintiff's amended motion for default judgment seeks an award

7  "in the amount of at least $109,010."  (MDJ. (Doc. No. 19) at 3.)  Consistent with the allegations and

8  prayer in the complaint, plaintiff seeks an award of $100,000 to compensate plaintiff for defendants'

9  conversion.  The undersigned finds such an award appropriate and will recommend plaintiff be

10  awarded $100,000.  See Durell v. Sharp Healthcare, 183 Cal. App.4th 1350, 1370 (2010)

11  ("Alternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by

12  fraud, duress, conversion, or similar conduct.").

13          Plaintiff's motion also seeks an award of $1,180 in costs comprised of $823 for service

14  of process, $350 for the court's filing fee and $7 for postage.  (MDJ (Doc. No. 19) at 9.)  Rule 54(d) of

15  the Federal Rules of Civil Procedure provides that unless a federal statute, the rules, or a court order

16  provide otherwise, costs, other than attorney's fees, should be allowed to prevailing party.  Moreover,

17  private process servers' fees are properly taxed as costs.  Alflex Corp. v. Underwriters Laboratories,

18  Inc., 914 F.2d 175, 178 (9th Cir. 1990).  Therefore, the undersigned will also recommend that plaintiff

19  be awarded costs in the amount of $1,180.

20          Plaintiff's motion also seeks an award of $7,830 in attorney's fees.  (MDJ (Doc. No. 19)

21  at 8.)  "A federal court sitting in diversity applies the law of the forum state regarding an award of

22  attorneys' fees."  Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 883 (9th Cir. 2000).  Under

23  California law "a prevailing party may recover attorney's fees only when a statute or an agreement of

24  the parties provides for fee shifting."  Kirby v. Immoos Fire Protection, Inc., 53 Cal.4th 1244, 1248

25  (2012).  See also Ilshin Inv. Co., Ltd. v. Buena Vista Home Entertainment, Inc., 195 Cal. App.4th 612,

26  /////

627 (2011) ("[T]he 'American Rule' [is] that each party in a lawsuit ordinarily shall bear its own attorney's fees unless there is express statutory authorization to the contrary.").

Here, plaintiff's amended motion for default judgment does not cite to any express statutory authority authorizing the award of attorneys' fees in this action and there does not appear to be any. See Cargill Inc. v. Progressive Dairy Solutions, Inc., No. CV-F-07-0349-LJO-SMS, 2008 WL 4078737, at *5 (E.D. Cal. Aug. 29, 2008) ("Moreover, while Progressive now argues that it is entitled to attorneys' fees, Progressive concedes that attorneys' fees are not recoverable under Section 17200."); Cel-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co., 20 Cal.4th 163, 179 (Cal. 1999) (prevailing plaintiffs on § 17200 claim "are generally limited to injunctive relief and restitution."); Haines v. Parra, 193 Cal. App.3d 1553, 1559 (1987) ("Section 3336 of the Civil Code, which sets out the measure of damages in conversion actions, does not expressly provide for attorneys' fees for the converting of property."); Flyer's Body Shop Profit Sharing Plan v. Ticor Title Ins. Co., 185 Cal. App.3d 1149, 1158 (1986) ("Wrongful possession of plaintiff's money does not warrant the imposition of attorney fees as damages."). Moreover, this case does not involve an agreement of the parties providing for fee shifting. Accordingly, the undersigned will recommend that plaintiff's request for attorney's fees be denied.

Finally, plaintiff's amended motion for default judgment seeks an exemplary damages award pursuant to California Civil Code § 3294. (MDJ (Doc. No. 19) at 6.) In this regard, plaintiff argues that defendant Dhillon's fraudulent conduct in deceiving Officer Cooper justifies a tripling of damages. (Id.)

California Civil Code § 3294(a) provides that,

In an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant.

As noted above, the undersigned finds the complaint's fraud claims deficient. A cause of action for conversion, however, may support an award of exemplary damages under § 3294. Cyrus

1   v. Haveson, 65 Cal. App.3d 306, 316 (1976).  To support such an award, the complaint "must allege

2   ultimate facts of the defendant's oppression, fraud, or malice."  (Id.)  Here, plaintiff's conversion claim

3   fails to allege such ultimate facts.  Rather, in the complaint's conversion claim it is merely alleged that

4   defendant Dhillon acknowledged that $150,000 was received in CAI's account, that the money did not

5   belong to him, that the money must be returned to plaintiff and that defendants failed to return

6   $100,000 despite plaintiff's repeated requests to do so.  (Compl. (Doc. No. 5) at 5.)  There are no

7   factual allegations, however, that establish that defendants' acquisition or conversion of the $100,000,

8   though unlawful, was the result of oppression, fraud, or malice.[7]

9           According to the allegations found in the complaint, it was plaintiff who mistakenly

10  transferred the $150,000 to defendants' domestic bank account, without any involvement by the

11  defendants and it was defendant Dhillon who notified plaintiff of the error, without any prompting

12  from plaintiff, and who returned $50,000 of the $150,000 mistakenly transferred, apparently of his own

13  volition. While plaintiff has a right to have the remainder of its money returned, the undersigned finds

14  that the unusual facts of this case do not justify a punitive damages award.[8]  See Craigslist, Inc. v.

15  Naturemarket, Inc., 694 F. Supp.2d 1039, 1065 (N.D. Cal. 2010) ("Although the Court is authorized to

16  award punitive damages under both federal and state law, the undersigned is unpersuaded that punitive

17  damages are necessary in this case to deter Defendants from committing future violations.").

18  /////

19  /////

20

21       [7]  Moreover, punitive damages are never awarded as a matter of right, are disfavored by the law,
    and should be granted with the greatest of caution and only in the clearest of cases.  Henderson v.
22  Security Pacific National Bank, 72 Cal. App.3d 764, 771 (1977).  Here, the unusual facts of this case
    do not present the clearest of cases justifying the award of punitive damages.

23

24       [8]  The court notes that even if the complaint had stated a valid fraud claim, the undersigned
    would not have recommended a punitive damages award based on the unusual facts alleged here.  See
25  Craigslist, Inc., 694 F. Supp.2d at 1065; cf. G&G Closed Circuit Events, LLC v. Castro, No. 12-01036
    RS, 2012 WL 3276989, at *3 (N.D. Cal. Aug. 9, 2012) (finding that whether defendant "in fact
26  violated" statute was immaterial in light of the fact that amount of award was equally appropriate in the
    event the statute was violated).

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's July 17, 2012 amended motion for default judgment (Doc. No. 19) be granted as to plaintiff's claims for conversion and violation California Business & Profession Code §17200, and denied as to plaintiff's claims for breach of contract and fraud;

2. The District Court enter the default judgment of defendant Harry Dhillon and defendant Creative Aviation, Inc (CAI);

3. Defendants be directed to pay plaintiff $101,180 in damages and costs;

4. Plaintiff's request for attorneys' fees be denied;

5. Plaintiff's request for exemplary damages be denied; and

6. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 1, 2013.

Dale A. Drozd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.civil\directi1045.mdj.f&rs