TUCKER ELLIS LLP
Dylan M. Carson SBN 237721
dylan.carson@tuckerellis.com
515 South Flower Street
Forty-Second Floor
Los Angeles, CA 90071-2223
Telephone:     213.430.3400
Facsimile:      213.430.3409

Attorneys for Plaintiff DIRECTI INTERNET SOLUTIONS PVT. LTD.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRECTI INTERNET SOLUTIONS PVT. LTD. | Case No. 12-CV-01045-WBS-DAD |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO ADD ALTAMONT AVIATION, INC. AND GURPRIT KAUR AS JUDGMENT DEBTORS** |
| v. | |
| HARRY DHILLON, CREATIVE AVIATION, INC. | |
| Defendants. | |

**TO DEFENDANTS AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE** that on May 19, 2014 at 2:00 p.m., or as soon thereafter as the matter can be heard in Courtroom 5 of the above-entitled court before Judge William B. Shubb, located at 501 I Street, 14th Floor, Sacramento, CA, 95814, Plaintiff Directi Internet Solutions Pvt. Ltd., will and does move to amend the Court's judgment of February 27, 2013 in this case and add (1) Altamont Aviation, Inc. and (2) Ms. Gurprit Kaur as judgment debtors pursuant to Federal Rules of Civil Procedure 69(a).

Plaintiff filed this action in April 2012 when it accidentally wired $150,000 into Defendants' bank account and Defendants failed to return most of the funds. Defendants did not respond to the Complaint and this Court entered default judgment against Defendants on February 27, 2013. Plaintiff was unable to collect its judgment because Defendants closed the bank account where the funds were

accidentally wired. In an attempt to locate Plaintiff's missing money, Plaintiff conducted a debtor's examination where it learned that Creative Aviation, Inc. no longer operates. In its place is a company called Altamont Aviation, Inc. that is allegedly owned and operated by Gurprit Kaur, the wife of Defendant Harry Dhillon. Until becoming the president and sole employee of Altamont Aviation, Ms. Kaur was allegedly a housewife for 12 years, but actually worked for Creative Aviation and had a dealer's certification from the FAA. It is clear from the evidence that Altamont Aviation and Ms. Kaur are the alter egos or mere successors to Creative Aviation and Mr. Dhillon, and should be added as a judgment debtors. In addition, post-judgment interest should be added and an updated judgment should be entered in the amount of $113,543.12 to reflect the post-judgment interest that will have accrued as of May 19, 2014.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, the papers and pleadings on file with the Court, and on such other written or oral arguments as may be presented at or before the hearing on this Motion.

DATED: April 8, 2014                    Tucker Ellis LLP


                                        By:      /s/ Dylan M. Carson
                                            Dylan M. Carson
                                            dylan.carson@tuckerellis.com

                                            Attorneys for Plaintiff DIRECTI INTERNET
                                            SOLUTIONS PVT. LTD.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Directi Internet Solutions Pvt. Ltd. ("Directi") hereby respectfully requests that this Honorable Court amend its judgment to add Altamont Aviation, Inc. and Gurprit Kaur as judgment debtors because they are the alter egos or mere successors of Defendants Harry Dhillon and Creative Aviation. Without Ms. Kaur and Altamont Aviation, Inc. as judgment debtors, the Plaintiff will be foreclosed from collecting its judgment and Mr. Dhillon will have effectively rendered himself and his company judgment-proof.

**I.     FACTUAL AND PROCEDURAL HISTORY**

This motion stems from a lawsuit, filed on April 20, 2012, to recover funds that were accidentally wired to Defendants in November 2011. Plaintiff accidentally wired $150,000 to Defendants but alerted them to the mistake immediately. (Dkt. 25 at 4). Despite his promises to return all of the money, Mr. Dhillon returned only $50,000 of the miswired funds. After Defendant ignored Plaintiff's repeated communications and declined to return the remainder, Plaintiff filed and served the instant action. Neither Mr. Dhillon nor his company, Creative Aviation, Inc., answered the Complaint.

This Court entered default judgment against Defendants on February 27, 2013. (Dkt. 29). Plaintiff attempted to execute the judgment but was unsuccessful because Defendant had closed the bank account where the funds were accidentally wired. (Memorandum of Garnishee, Carson Decl. Ex. A). In an attempt to locate those funds, Plaintiff sought Mr. Dhillon's testimony under oath. On October 31, 2013, this Court issued an order requiring Mr. Dhillon to appear for a debtor examination on December 13, 2013. (Dkt. 35). When Mr. Dhillon failed to appear, the Court issued an Order to Show Cause as to why Mr. Dhillon should not be held in contempt of court. (Dkt. 38).

On January 10, 2014, Mr. Dhillon appeared for a debtor's examination. During the debtor's examination, Plaintiff learned that Mr. Dhillon closed Creative Aviation, had minimal assets, and claimed to be unemployed. (Debtor's Examination ("Debt. Exam.") at 18:12-14; 26:16-21; 32:13-33:18, attached as Ex. B to Carson Decl.). Mr. Dhillon testified that Creative Aviation ceased operations in July 2011 and that he closed Creative Aviation's bank accounts in July 2012. (Debt. Exam. at 14:6-12; 18:2-14).

Mr. Dhillon claims to have extensive expenses, including an $1,800 monthly mortgage and

$7,000 in quarterly property taxes, and was raising two children with his wife, Gurprit Kaur. (Debt. Exam. at 28:16-29:5; 35:8-13). Mr. Dhillon claimed that his wife, Gurprit Kaur, fully supports him with her new business, Altamont Aviation, Inc. (Debt. Exam. at 33, 42-43). Altamont Aviation was incorporated in June 2012, shortly after Creative Aviation ceased all business practices. (Altamont Aviation California Secretary of State Registration, attached as Ex. C to Carson Decl.).

Altamont Aviation, like Creative Aviation, sells spare aircraft parts. (Debt. Exam. at 42:7-12; 46:17-21; Screenshots from http://www.altamontaviation.com, attached as Exhibit D to Carson Decl. (accessed Apr. 7, 2014)). Before opening this business, Ms. Kaur was a housewife since 2001, and a computer engineer before then. (Debt. Exam. at 47:3-14). Despite her complete lack of expertise in this industry, and the fact that Mr. Dhillon has 18 years of experience in the industry, Mr. Dhillon claims that his wife operates a successful aviation company as the sole employee, without his help. (Debt. Exam. at 48:4-7.) Ms. Kaur, however, learned how to sell aircraft parts while at Creative Aviation. As of March, 31, 2014, the Federal Aviation Administration (FAA) listed "Guprit Kaur Creative Aviation" in its Aircraft Dealer Applicants Report. (Carson Decl. Ex. E, available at <http://registry.faa.gov/microfiche/ardlfp80.pdf> (accessed April 7, 2014)). Ms. Kaur's Certificate Number, DCN0762, means that FAA has issued her a Dealers' Aircraft Registration Certificate. *See* 21 C.F.R. § 47.61. A person is not eligible for a Dealers' Aircraft Registration Certificate unless she has "an established place of business, . . . [is] **substantially engaged** in the manufacturing or selling of an aircraft". 21 C.F.R. § 47.65 (emphasis added). In other words, Ms. Kaur has represented to the FAA that she had was substantially engaged in Creative Aviation's aircraft sales business.

Altamont Aviation is operated from the home of Mr. Dhillon and Ms. Kaur at 52 West Fauna Court, Tracy, California. (Debt. Exam. at 42:22-43:4; Altamont Aviation California Secretary of State Registration (listing Tracy, CA address for Ms. Kaur); Altamont Aviation website, <http://altamontaviation.com>, Contact tab (listing 52 West Fauna St. address) (accessed Apr. 7, 2014)). Mr. Dhillon claims that he does not work for Altamont Aviation; he just conveniently share the house where his wife operates her business. (Debt. Exam., 26:16-21). Indeed, Mr. Dhillon produced bank statements for Altamont Aviation which showed payments made to Ocwen Loan Servicing for the benefit of "Harjinder Singh Dhillon". (Bank of America, April 2013 statement for Altamont Aviation,

Carson Decl. Ex. F).

Tellingly, Mr. Dhillon slipped up in his examination, revealing the nature of his involvement:

Q. And where do you store the spare parts?

A. *We don't store it. When we get the order*, or she get the order, she give it.

Debt. Exam. at 44:25 – 45:2 (emphasis added).

Before claiming ignorance, Mr. Dhillon explained that Ms. Kaur purchases spare parts from "different vendors" and how order fulfillment for Altamont Aviation works. (Debt. Exam. at 45-46). According to Mr. Dhillon, Ms. Kaur advertises her aircraft parts on "her website", Altamontaviation.com. (Debt. Exam. at 44:11-15).[1] According to the domain name WHOIS information for that website however, on October 15, 2012 it was Mr. "Harjinder Dhillon" of "Altamont Aviation" at "52 West Fauna Ct" in Tracy, CA, who registered the domain <altamontaviation.com> with the godaddy.com domain name service for 2 years (expiring Oct. 15, 2014). (Godaddy.com domain name WHOIS info, available at <http://who.godaddy.com/whoisstd.aspx?domain=altamontaviation.com> (accessed on Apr. 7, 2014) (Carson Decl. Ex. G)). Indeed, Mr. Dhillon of Altamont Aviation used the same email address to register his new company's website (harrydhillon@sbcglobal.net) that he used to operate Creative Aviation and communicate with Directi's principal regarding the miswired funds. (*Id.*).

In short, Altamont Aviation is clearly Creative Aviation running under a different name. Mr. Dhillon operatives the company out of the home she shares with Ms. Kaur and sells the same aircraft spare parts they did while operating Creative Aviation. Altamont Aviation is Creative Aviation's alter ego or mere successor. As explained below, Altamont Aviation and Ms. Kaur should be added as a debtor to this judgment so Plaintiff can collect its judgment and avoid a substantial injustice.

---

[1] Indeed, on "Ms. Kaur's website," clicking the link (".com") located to the right of the e-mail address for Altamont Aviation's "Parts Solutions team" prompts a blank e-mail addressed to parts@creativeaviation.com, despite the fact that the displayed e-mail address is parts@altamontaviation.com:

Aviation Parts Solutions team and *consider it done!*
Phone: 209-914-4555 email: parts@altamontaviation.com.com

mailto:parts@creativeaviation.com

## II. ARGUMENT

Under Federal Rule of Civil Procedure 69(a), a federal court can "rely on state law to add judgment debtors" to money judgments. *In re Levander*, 180 F.3d 1114, 1120-21 (9th Cir. 1999); *Mad Dog Athletics, Inc. v. NYC Holding*, 565 F. Supp. 2d 1127, 1129 (C.D. Cal. 2008) ("Moreover, § 187 of the California Code of Civil Procedure allows courts to amend a judgment to add additional judgment debtors. That authority extends to federal courts sitting in California." (internal citations omitted)). Specifically, Rule 69(a) "permits judgment creditors to use any execution method consistent with the practice and procedure of the state in which the district court sits." *In re Levander*, 180 F.3d at 1121.

California Code of Civil Procedure § 187 gives the court "the authority to amend a judgment to add additional judgment debtors" as long as two requirements are met: "(1) that the new party be the alter ego of the old party and (2) that the new party had controlled the litigation, thereby having had the opportunity to litigate, in order to satisfy due process concerns." *Id.* "Amending a judgment to add an alter ego does not add a new defendant but instead inserts the correct name of the real defendant." *Misik v. D'Arco*, 197 Cal.App.4th 1065, 1072 (2011). "It is well settled that when a corporation 'is used by an individual or individuals, or by another corporation, to perpetrate a fraud, circumvent a statute, or accomplish some other wrongful or inequitable purpose, a court may disregard the corporate entity and treat the acts as if they were done by the individuals themselves or by the controlling corporation ... the court will disregard the 'fiction' of corporate entity." *McClellan v. Northridge Park Townhome Owners Ass'n, Inc.*, 89 Cal.App.4th 746, 752-53 (2001) (court can add a judgment debtor who is the mere successor of current defendant). "In order to see that justice is done, great liberality is encouraged in the allowance of amendments brought pursuant to Code of Civil Procedure section 187." *Misik v. D'Arco*, 197 Cal.App.4th 1065, 1073 (2011).

Here, there is no doubt that Altamont Aviation and Ms. Kaur are the mere alter egos of Creative Aviation and Mr. Dhillon. Altamont is Creative Aviation operating under a different name. Mr. Dhillon created Altamont Aviation's website, and merely transferred all of Creative Aviation's assets to the new company, to make himself judgment-proof in this litigation. If Altamont Aviation is not added as a judgment debtor, the Plaintiff will suffer a significant injustice and will be unable to collect its judgment.

A. **Altamont Aviation, Inc. and Gurprit Kaur are the Alter Egos of Defendants Creative Aviation, Inc. and Mr. Dhillon**

A corporation is the alter ego of another when "(1) that there [is] such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist and (2) that, if the acts are treated as those of the corporation alone, an inequitable result will follow." *Bank of Montreal v. SK Foods, LLC*, 476 B.R. 588, 597 (N.D. Cal. 2012) (quoting *Automotriz del Golfo de California v. Resnick*, 47 Cal.2d 792, 796 (1957)). In *Levander*, the Ninth Circuit explained:

> The *Carr* [*v. Barbabey's Hotel Corp.*, 23 Cal.App.4th 14 (1994)] court looked to the equitable principles regarding alter ego and concluded that although the added judgment-debtor did not meet the formal requirements for alter ego liability, it nevertheless fit within the theory underlying amendment of a judgment based on alter ego liability. That is, the court is not amending the judgment to add a new defendant but is merely inserting the correct name of the real defendant. The court then reasoned that by not allowing amendment due to the absence of a finding of alter ego would work an injustice.

*In re Levander*, 180 F.3d at 1122 (quotations omitted).

To determine whether Altamont Aviation and Ms. Kaur are the alter egos of Creative Aviation and Mr. Dhillon, the court can consider the following factors: "one individual's ownership of all stock in a corporation; use of the same office or business location; commingling of funds and other assets of the individual and the corporation; an individual holding out that he is personally liable for debts of the corporation; identical directors and officers; failure to maintain minutes or adequate corporate records; disregard of corporate formalities; absence of corporate assets and inadequate capitalization; and the use of a corporation as a mere shell, instrumentality or conduit for the business of an individual." *Misik v. D'Arco*, 197 Cal.App.4th 1065, 1073 (2011). This list of factors is not exhaustive and no single factor is determinative. *See Zoran Corp. v. Chen,* 185 Cal.App.4th 799, 811-12 (2010).

Here, Ms. Kaur is allegedly the only owner and employee of Altamont Aviation, although its domain listing has Mr. Dhillon of Alta as the relevant contact person. (Carson Decl. Ex. G). Mr. Dhillon took his website for Creative Aviation and copied it to use with his Altamont Aviation business. Indeed, a comparison of the Creative Aviation "Spare Parts" webpage with the current Altamont Aviation "Spare Parts" webpage shows that the only difference is replacement of the word "Creative" with the word "Altamont":

> "Unlike many parts facilities, at Creative Avation we do not have 'order takers.'…"

"Unlike many parts facilities, at Altamont Aviation we do not have 'order takers.'"

"Creative Aviation is a distributor or dealer for virtually every top brand…."

"Altamont Aviation is a distributor or dealer for virtually every top brand…."

"…contact Creative Aviation Parts Solution team and consider it done!"

"…contact Altamont Aviation Parts Solution team and consider it done!"

*Compare* Carson Decl. Ex. D at 4 with Carson Decl. Ex. H.

Altamont uses the same business location as Mr. Dhillon, namely the home he and Ms. Kaur share. Ms. Kaur identified herself to the FAA as affiliated with Creative Aviation, and now she is purportedly the sole officer of Altamont Aviation. It is clear that Mr. Dhillon and Ms. Kaur use Altamont Aviation as a mere shell to conduct their aircraft-related sales business. Altamont and Creative Aviation are the exact same company, run by the exact same people, Mr. Dhillon and Ms. Kaur. Like Creative Aviation, Altamont Aviation holds itself out as selling airplanes and airplane parts. Altamont was incorporated shortly after Creative ceased operations and uses the same website, managed by Mr. Dhillon.

The only difference between Altamont Aviation and Creative Aviation is Mr. Dhillon's claim – contradicted by the evidence – that he is not involved in the business and that Mrs. Kaur is the sole owner and employee. As there is no difference between these two companies, Altamont Aviation and Ms. Kaur are clearly the alter egos of Creative Aviation and Mr. Dhillon and should be added as judgment debtors.

**B.     Altamont Aviation and Ms. Kaur Had the Opportunity To Control This Litigation.**

Altamont Aviation and Ms. Kaur, like Creative Aviation and Mr. Dhillon, had every opportunity to defend this litigation. According to her FAA submission, Ms. Kaur worked at Creative Aviation. Yet according to Mr. Dhillon, Ms. Kaur "don't allow Creative Aviation mails to be coming to [their] house." (Debt. Exam. at 58:12-13). Mr. Dhillon and Ms. Kaur received notice of this litigation and chose not to contest it; instead they spent Directi's money and changed the name on their company to evade payment of any judgment. Altamont Aviation does not have new management who can claim that they were unaware of any litigation involving Creative Aviation. To the contrary, Mr. Dhillon and Ms. Kaur were aware of this litigation, and are the only people involved with Altamont Aviation. Altamont Aviation

and Ms. Kaur had the opportunity to control this litigation but chose to ignore it.

### C. If Altamont Aviation is Not the Alter Ego of Creative Aviation, it is the Mere Successor.

A "mere successor" company can be added as a judgment debtor when it is "merely a continuation of the selling corporation." *McClellan*, 89 Cal.App.4th at 752-53 (applying the "successor corporation theory" to add a judgment debtor). " If a corporation organizes another corporation with practically the same shareholders and directors, transfers all the assets but does not pay all the first corporation's debts, and continues to carry on the same business, the separate entities may be disregarded and the new corporation held liable for the obligations of the old." *Id.* at 706-707.

Altamont Aviation is the mere successor of Creative Aviation. Mr. Dhillon and Ms. Kaur run Altamont Aviation out of their home using the same assets and FAA authority as Creative Aviation. Altamont sells the same products as Creative, using the same website, and was created shortly after Creative ceased operations. Creative closed and Altamont opened immediately thereafter to continue their business. There are no new people or new products involved. Altamont Aviation and Ms. Kaur should be added to this judgment as judgment debtors because they are the mere successors of Creative Aviation and Mr. Dhillon. Under well-established California law, Mr. Dhillon and Ms. Kaur cannot simply close their business and create a new one to avoid a judgment.

### D. The Judgment Should be Updated to Reflect Post-Judgment Interest

This court entered a judgment in the amount of $101,180.00 on February 27, 2013. The judgment should be updated to reflect post-judgment interest, at a rate of 10% per annum pursuant to Cal. Civ. Proc. Code § 685.010(a). This judgment accrues interest at a rate of $27.72 per day ((.10 / 365) * $101,180.00 = $27.72). As of May 19, 2014, 446 days will have passed since this judgment was entered (creating $12,363.12 in post-judgment interest). Therefore, the judgment should be updated to reflect a corrected amount of $113,543.12.

### III. CONCLUSION

This Court should reject Mr. Dhillon and Ms. Kaur's attempts to become judgment proof by closing Creative Aviation, claiming poverty and running their family business under Ms. Kaur's name. For purposes of collection of Plaintiffs' judgment, Altamont Aviation and Ms. Kaur cannot be separated

from Creative Aviation and Mr. Dhillon. Altamont and Ms. Kaur should be added to this judgment as judgment debtors to avoid substantial injustice. In addition, post-judgment interest should be added and an updated judgment should be entered in the amount of $113,543.12 to reflect the interest that will have accrued as of May 19, 2014.

DATED: April 8, 2014              Tucker Ellis LLP

By: _____/s/ Dylan M. Carson_____
    Dylan M. Carson
    dylan.carson@tuckerellis.com

Attorneys for Plaintiff DIRECTI INTERNET SOLUTIONS PVT. LTD.

## DECLARATION OF DYLAN M. CARSON

I, Dylan M. Carson, declare as follows:

1. I am an attorney at law duly authorized to practice before all courts of the state of California and in the Eastern District of California. The facts stated hereunder are true, known to me of my own personal knowledge, and if called as a witness, I could and would competently testify thereto.

2. I am an attorney at Tucker Ellis LLP, attorneys of record for Plaintiff Directi Internet Solutions PVT. LTD.

3. Attached as Exhibit A is a true and correct copy of the Memorandum of Garnishee returned from the U.S. Marshals Service of the Eastern District of California, dated May 3, 2013.

4. Attached as Exhibit B is a true and correct copy of the transcript from Mr. Dhillon's debtor's examination on January 10, 2014.

5. Attached as Exhibit C is a true and correct copy of Business Entity Detail from the California Secretary of State website (<http://kepler.sos.ca.gov/>) for Altamont Aviation, Inc., accessed on March 12, 2014.

6. Attached as Exhibit D is a true and correct copy of screen captures from the Internet website <altamontaviation.com>, identified by Defendant as the website for Altamont Aviation, accessed on March 12, 2014.

7. Attached as Exhibit E is a true and correct copy of relevant pages of the United States Federal Aviation Administration's Aircraft Dealer Applicants Report "Current Date March 31, 2014" (accessed April 7, 2014) and available at <http://registry.faa.gov/microfiche/ardlfp80.pdf > and listing "Creative Aviation, Harjinder Singh Dhillon DBA" (p. 12), "Creative Aviation" (p. 168), "Guprit Kaur Creative Aviation" (p. 241), and "Harjinder Singh Dhillon DBA Creative Aviation" (p. 245).

8. Attached as Exhibit F is a true and correct copy of the April 2013 Bank of America Statement of Altamont Aviation produced by Mr. Dhillon.

9. Attached as Exhibit G is a true and correct copy of the WHOIS Lookup report from domain name registrar Godaddy.com for <altamontaviation.com> (accessed on April 7, 2014).

10. Attached as Exhibit H is a true and correct copy of the Creative Aviation "Spare Parts" webpage tab, <www.creativeaviation.com/spareparts.htm> on December 12, 2011 (accessed April 8, 2014 through the Internet Archive).

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct and that this declaration is executed by me on this 8th day of March, 2014 at Denver, Colorado.

/s/ Dylan M. Carson
Dylan M. Carson

## CERTIFICATE OF SERVICE

I, Dylan M. Carson hereby certify that on April 8, 2014, a copy of the foregoing **NOTICE OF MOTION AND MOTION TO AMEND JUDGMENT TO ADD ALTAMONT AVIATION, INC. AND GURPRIT KAUR AS JUDGMENT DEBTORS** was filed electronically through the Court's electronic filing system.

A copy of this filing was sent via U.S. mail to the following:

Altamont Aviation, Inc.
52 W. Fauna Ct.
Tracy, CA 95391

Gurprit Kaur
52 W. Fauna Ct.
Tracy, CA 95391

Harjinder S. Dhillon
52 W. Fauna Ct.
Tracy, CA 95391

Creative Aviation, Inc.
52 W. Fauna Ct.
Tracy, CA 95391

                /s/ Dylan M. Carson
                Dylan M. Carson