UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| DIRECTI INTERNET SOLUTIONS PVT. LTD., <br><br> Plaintiff, <br><br> v. <br><br> HARRY DHILLON; CREATIVE AVIATION, INC., <br><br> Defendants. | CIV. NO. 2:12-1045 WBS DAD <br><br> MEMORANDUM AND ORDER RE: MOTION TO AMEND JUDGMENT |

----oo0oo----

Plaintiff Directi Internet Solutions Pvt. Ltd. brought this action against defendants Harry Dhillon and Creative Aviation, Inc. ("Creative"), arising out of plaintiff's allegedly mistaken transfer of $150,000 to defendants. This court entered judgment in favor of plaintiff on February 27, 2013. (Docket No. 29.) Plaintiff now moves to amend the judgment to add judgment debtors pursuant to Federal Rule of Civil Procedure 69(a)(1).

I.   Factual & Procedural Background

1

Plaintiff filed its Complaint on April 20, 2012, bringing claims for breach of contract, fraud, civil theft, and violations of California Business & Professions Code sections 17200 et seq. (Docket No. 5.) On February 27, 2013, this court granted in part plaintiff's motion for default judgment, (Docket No. 28), and entered judgment accordingly, (Docket No. 29).

Plaintiff attempted to execute the judgment but was unsuccessful because the bank account upon which it had intended to levy was closed. (Carson Decl. Ex. A (Docket No. 42-1).) On January 10, 2014, Dhillon appeared before the assigned magistrate judge for a judgment debtor's examination, where he testified that Creative had ceased operations and claimed that he is now supported by his wife, Gurprit Kaur, who operates a new business, Altamont Aviation, Inc. ("Altamont"). (Carson Decl. Ex. B ("Debt. Exam") at 14:6-12, 40:16-42:10.) Plaintiff subsequently filed the present motion to amend the judgment to add Kaur and Altamont as judgment debtors on April 8, 2014. (Docket No. 42.)

II.   Analysis

Federal Rule of Civil Procedure 69(a) "empowers federal courts to rely on state law to add judgment-debtors" to money judgments. In re Levander, 180 F.3d 1114, 1120-21 (9th Cir. 1999). Under Rule 69(a)(1), federal district courts in California may apply California Code of Civil Procedure section 187 "to amend a judgment to add additional judgment debtors" as long as two requirements are met: "'(1) that the new party be the alter ego of the old party and (2) that the new party had controlled the litigation, thereby having had the opportunity to

litigate, in order to satisfy due process concerns.'" Id. at 1121 (quoting Triplett v. Farmers Ins. Exch., 24 Cal. App. 4th 1415, 1421 (4th Dist. 1994)).  In addition to the alter ego theory, California courts may add a successor corporation as a judgment debtor under section 187 where the successor is a "mere continuation" of its predecessor corporation.  McClellan v. Northridge Park Townhome Owners Ass'n, 89 Cal. App. 4th 746, 753-54 (2d Dist. 2001).

### A. Control of Litigation

Even assuming that Altamont and Kaur are alter egos of Creative, "[d]ue process requires that a party added to a judgment on alter ego grounds have had 'control of the litigation and occasion to conduct it with a diligence corresponding to the risk of personal liability that was involved.'" Bank of Montreal v. SK Foods, LLC, 476 B.R. 588, 597 (N.D. Cal. 2012) (quoting NEC Elecs. Inc. v. Hurt, 208 Cal. App. 3d 772, 781 (6th Dist. 1989)). These due process concerns take on an even greater importance where the underlying litigation resulted in a default judgment or was otherwise not contested. See, e.g., Katzir's, 394 F.3d at 1150 (declining to add shareholder as judgment debtor when shareholder knew corporation was on verge of dissolution and did not have duty to defend underlying suit); Motores de Mexicali, S.A. v. Superior Court, 51 Cal. 2d 172, 176 (1958) (refusing to add individuals as judgment debtors to default judgment against bankrupt corporation); NEC Elecs., 208 Cal. App. 3d at 781 ("Clearly, some active defense of the underlying claim is contemplated.").

Here, Creative and Dhillon failed to respond to or defend against the suit at all, much less mount an "active defense." Id. Plaintiff contends that Altamont and Kaur had opportunity to control the litigation because they received notice of the suit and chose not to contest it. (Pl.'s Mem. at 8 24-26 (Docket No. 42).) Plaintiff does not provide any factual basis for this contention, however, but suggests the court must infer it from the fact that Kaur and Dhillon are married and operate Altamont out of the house where they both reside. Even assuming Kaur and Altamont knew of the suit, notice of the litigation does not constitute control of it. See NEC Elecs., 208 Cal. App. 3d at 781 ("Moreover, it is not enough that [the chief executive officer and sole shareholder] was "aware" of the action . . . .") Because plaintiff obtained a default judgment against Creative and Dhillon, "[t]here was no defense for [Altamont or Kaur] to control." Id. Without a showing of such control, due process precludes amending the judgment to add Kaur and Altamont as judgment debtors.

B.  Successor Corporation

Alternatively, plaintiff argues that Altamont should be added as a judgment debtor because it is a successor corporation to Creative. To be a successor, or "mere continuation," of a predecessor corporation, "California courts require evidence of one or both of the following factual elements: (1) a lack of adequate consideration for acquisition of the former corporation's assets to be made available to creditors, or (2) one or more persons were officers, directors, or shareholders of

4

both corporations." Katzir's Floor & Home Design, Inc. v. M-MLS.com, 394 F.3d 1143, 1150 (9th Cir. 2004).  Although it listed this standard in the disjunctive, the Ninth Circuit in Katzir's went on to hold that "[i]nadequate consideration is an 'essential ingredient' to a finding that one entity is a mere continuation of another." Id.

Here, although Creative had its own office and Altamont is operated from Dhillon and Kaur's home, (Debt. Exam at 14:18-15:8, 43:3-4), plaintiff presents evidence that Altamont was formed to step into the shoes of Creative and is the same corporation running under a different name. See McClellan, 89 Cal. App. 4th at 756 (finding that homeowner's association was a successor when it pertained to the same condominium complex, comprised of the same unit owners, was managed by the same board members, and had the same source of income as the predecessor entity).  Altamont and Creative are in the same line of business, the sale of spare airplane parts.  In addition, some sections of Altamont's web site contain the exact same language as Creative's web site. (Compare Carson Decl. Ex. D at 4 with Carson Decl. Ex. H.)  Altamont's web site also contains a link to send an email addressed to "parts@creativeaviation.com." (Pl.'s Mem. at 42:9 n.1.)  Given that Altamont began operations in April or May 2012, (Debt. Exam at 47:15-17), shortly after Creative ceased operations in December 2011, (id. at 15:22-24), and before Dhillon closed Creative's business account, (id. at 18:12-14), this is strong circumstantial evidence that Altamont was formed as a successor corporation to Creative.

5

        Moreover, there is evidence that Dhillon and Kaur are involved in the management and ownership of both entities. Dhillon was the sole owner of Creative, (Debt. Exam at 16:16-17), but testified that Kaur is the president and sole owner and employee of Altamont, (id. at 41:18-42:4). However, Dhillon registered the domain name and listed himself as the contact person for Altamont's web site. (Carson Decl. Ex. G.) According to plaintiff, Dhillon registered for the web site using the same email address that was used to communicate with plaintiff's principal. (Pl.'s Mem. at 5:15-17.) A bank statement for Altamont Aviation also shows payments made to Ocwen Loan Servicing listing Dhillon as the beneficiary. (Carson Decl. Ex. F.) In light of this evidence, Dhillon's testimony that he has no involvement with Altamont is not credible. (Debt. Exam at 48:8-17.)

        As for Kaur, while Dhillon testified that Kaur was not involved with Creative Aviation, Federal Aviation Administration records document a Dealers' Aircraft Registration Certificate in the name of "Gurprit Kaur Creative Aviation." (Carson Decl. Ex. E.) In order to be eligible for this Certificate, Kaur had to be "substantially engaged in manufacturing or selling aircraft," 14 C.F.R. § 47.65, and thus it appears Kaur was significantly involved in operations at Creative. This evidence that Dillon and Kaur were "officers, directors, or shareholders of both corporations," Katzir's, 394 F.3d at 1150, further supports a finding that Altamont is a successor corporation to Creative.

        Nevertheless, plaintiff does not provide any evidence

6

that Altamont paid inadequate consideration for Creative's assets.  To the contrary, the only evidence regarding Creative's assets was Dhillon's testimony that Creative's remaining assets were computers and furniture that he had either disposed of or retained for personal use.  (Debt. Exam at 17:15-23.)  Plaintiff does not present any evidence of any transaction between Creative and Altamont, much less that Altamont acquired Creative's assets for inadequate consideration.  Without a showing of inadequate consideration, plaintiff's motion to add Altamont as an additional judgment debtor lacks an "essential ingredient" to a finding of successor liability.  Katzir's, 394 F.3d at 1150.

        Accordingly, because due process precludes a finding of alter ego liability, and plaintiff presents no evidence of inadequate consideration necessary for successor liability, the court must deny plaintiff's motion to amend the judgment to add Altamont Aviation and Gurprit Kaur as judgment debtors.

        IT IS THEREFORE ORDERED that plaintiff's motion to amend the judgment to add judgment debtors be, and the same hereby is, DENIED.

Dated:  July 7, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7